**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARK MAGGERT,**
                **Petitioner,**

**-vs-**                                        **Case No.  5:06-mc-16-Orl-19DAB**

**UNITED STATES OF AMERICA; BANK**
**OF AMERICA; COLONIAL BANK;**
**WACHOVIA BANK, HUNTINGTON**
**BANK**

                **Respondents.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT (Doc. No. 10)**
>
> **FILED:** **January 5, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On August 31, 2006, Petitioner filed a Petition to Quash Certain IRS Summonses served upon the Respondent Banks (Doc. No. 1).  The undersigned issued an Order to Show Cause why the action should not be dismissed for lack of jurisdiction and insufficiency of service of process (Doc. No. 6). Petitioner responded to the show cause Order on December 1, 2006 (Doc. No. 7), and filed an

Amended Petition on that date (Doc. No. 8), which purported to address the Court's concerns. Specifically, Petitioner alleged that service was made on the Respondents "on or about August 31, 2006" and that proof of service of the Amended Petition "should be served with this court within two weeks." (Doc. No. 7).

Based on those representations, the Court issued an Order to Show Cause directed to the Respondents, why the relief sought by Petitioner should not be granted (Doc. No. 9). The Court directed Respondents to note and support any challenge to the Court's jurisdiction or objection to the adequacy of service of process in this response. Further, Petitioner was ordered to promptly serve a copy of the Order by certified mail to all named Respondents, and to file proof of such service with the Court. *Id.* Petitioner has recently filed returns of service of the Amended Petition (Doc. Nos. 11-15).[1]

Respondent United States of America files the instant motion, asserting that the Court lacks subject matter jurisdiction, the Petition fails to state a claim, and service of process was insufficient. Petitioner has filed no response to the motion as required under Local Rule 3.01(b), and the matter is now ripe for determination.

---

[1] Although not dispositive in view of the lack of jurisdiction, the Court notes that the recently filed proofs of service are inadequate. The Affidavit for service on Bank of America shows that it was served on an assistant manager at one of the branches of the Bank, with no showing of authority to accept service on behalf of the Bank, and the original was served "by mistake" to addresses in Ft. Lauderdale and Clermont (Doc. No. 11). Service on Huntington Bank was served, without explanation, "c/o Suntrust Bank" (Doc. No. 12). The Summons attached to that proof of service identifies Alan Richy of Port Haddock, Washington as "Plaintiff's attorney" and requires an answer to be served "within 60 days of service." The same summons was served on Colonial Bank, ostensibly through an assistant manager at one of the branches (Doc. No. 13). Wachovia Bank was purportedly served at the Clermont branch, by service on a "Service [unintelligible] Banker" (Doc. No. 14). The accompanying Affidavit also reflects that service was originally made "by mistake" to the Bank in Philadelphia and at a Clermont address. The Affidavit of Service on the United States says only that the Affiant "did serve/mailed the original by mistake to the Attorney General of the United States, 950 Pennsylvania Ave. Washington, D.C. 20530-0001." (Doc. No. 15).

### *MOTION TO DISMISS STANDARD*

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41 45-46 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1947).

Here, the Government seeks dismissal of the action for various reasons, and attaches exhibits to the motion. To the extent the Government raises procedural issues which can be addressed via a motion to dismiss, the Government seeks such relief. Alternatively, the Government asks the Court to consider the evidence attached to the motion under the Rule 56 summary judgment standard. Because the record indicates that this Court has no subject matter jurisdiction over the Amended Petition, nor has personal jurisdiction been established, it is **respectfully recommended** that the motion be **granted** and the matter be **dismissed, with prejudice**.

### *ANALYSIS*

The Amended Petition purports to invoke the jurisdiction of the Court pursuant to 26 U.S.C. § 7609, to quash certain administrative Internal Revenue Service ("the IRS") summonses, served on the four Respondent Banks. The statute, which operates as a limited waiver of sovereign immunity and is therefore strictly construed, sets forth a procedure whereas a taxpayer (such as Maggert) may move to quash a third-party record-keeper summons, if he timely complies with the statutory provisions. *See Stringer v. United States*, 776 F.2d 274, 276 (11th Cir. 1985). Strict adherence to the procedure is necessary in order to properly invoke the Court's jurisdiction.

### *Lack of subject matter jurisdiction*

Pursuant to 26 U.S.C. § 7609(b)(2), a taxpayer has 20 days after notice is given of the administrative summons to file a petition to quash *and* serve the petition on the IRS Special Agent and the person/record-keeper summoned, by certified or registered mail.[2] As noted in the IRS Regulation, 26 C.F.R. § 301.7609-3: "The act of filing a petition in district court does not in and of itself institute a proceeding to quash under section 7609(b)(2). Rather, the filing of the petition must be coupled with notice as required by section 7609(b)(2)(B)." Failure to give timely notice to either the summoned party (the record-keeper) or the IRS means that the taxpayer "has failed to institute a proceeding to quash and the district court has no jurisdiction to hear the proceeding." *Id. See Druguet v. United States*, 1990 WL 86009 (M.D. Fla. 1990) (noting that failure to strictly comply with the notice requirements of Section 7609(b)(2)(B) deprives the Court of jurisdiction over the Petition to Quash).

Here, according to the uncontested Declaration of Special Agent Ololade, Petitioner received notice of the administrative summonses by hand-delivery on August 11, 2006 (Doc. No. 10-2). The Petition to Quash was filed August 31, 2006 (Doc. No. 1), which is within 20 days of that notice. The original returns of service filed by Petitioner, however, indicate that on *September 1, 2006,* Petitioner sent copies of the Petition by certified mail to Respondents (Doc. No. 5). Thus, although Petitioner represented that service was mailed to the parties "on or about August 31, 2006," it is clear that service by certified mail, as required, was not had until September 1, 2006. September 1st is 21 days after notice to Petitioner. As such, service was untimely, and the Court lacks jurisdiction over the Petition. Dismissal is required. *See Druguet*, *supra*; *Fogelson v. United States,* 579 F. Supp. 573, 574

---

[2]Additional requirements pertain to service upon the United States, which is addressed *infra*.

(D. Kan. 1983) (failure to make certified or registered mailing not later than 20 days after notice to taxpayer requires dismissal); *Maikranz v. United States,* 612 F. Supp. 590 (S.D. Ind. 1985) (failure to strictly comply results in finding no waiver of sovereign immunity and dismissal required when taxpayer mailed copies on the 22nd day).  Because the defect is jurisdictional and cannot be cured, dismissal should be with prejudice.

In addition to the failure to meet the statutory requirements regarding timeliness of service, the  record evidences that the Court presently lacks personal jurisdiction over the United States (the real party in interest), due to insufficiency of the service of process.

### *Insufficient Service of Process on the United States*

As the Government notes, pursuant to 26 U.S.C. § 7609, a taxpayer has 20 days after notice of the summons to 1) file a petition to quash the summons and 2) serve the IRS Special Agent and the person summoned with a copy of the Petition by certified or registered mail.  In addition, a taxpayer must serve the United States in accordance with the Federal Rules of Civil Procedure.  *Hovind v. United States,* 1996 WL 807432 (N.D. Fla., Dec. 26, 1996) (unpublished), *affirmed* 159 F.3d 1359 (11th Cir. 1998 (TABLE).  Federal Rule 4(I)(1) provides that service upon the United States is effected by 1) delivering a copy of the summons and complaint to the United States Attorney, or to an Assistant United States Attorney or clerical employee designated by the United States Attorney, or by sending a copy of the documents by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney; and 2) also sending a copy of the documents by registered or certified mail to the Attorney General in Washington, D.C.

Here, the record reflects that Petitioner sent the original petition by certified mail, dated September 1, 2006, and addressed to "US Attorney Office for USA, 207 NW 2nd St., Ocala FL

34475." (Doc. No. 5 at p. 5). The Court takes notice that the address referenced is that of the federal courthouse in Ocala. Counsel for the Government asserts that the United States Attorney does not have an office at that address that is staffed by any employee authorized to accept service. According to the representations of counsel, the certified letter was apparently delivered to the District Court Clerks office, and placed in the U.S. Attorney's box at the Clerk's office for pick up.[3] As such, Petitioner has not complied with Rule 4(i)(1)(A) with respect to service of the Petition on the United States and, to date, it has not been properly served.[4] As the 120 day period for service under Rule 4(m) has expired, this defect also supports dismissal of the Amended Petition.

### *The merits*

In addition to insufficient service and lack of subject matter jurisdiction, the Government raises numerous arguments directed to the merits of the Amended Petition. Petitioner has presented no counter-arguments or evidence, sufficient to establish a contested material issue of fact. As the District Court does not have jurisdiction over this matter, it need not (and should not) reach these issues. Should the District Court disagree with the Court's recommendation to dismiss the Amended Petition with prejudice, summary judgment should be granted in the Government's favor, for the reasons set forth in the motion.

---

[3] The exhibit shows a date stamp from the District Court Clerk's Office (Doc. No. 10-2 at 25-27).

[4] Petitioner has filed what purports to be an affidavit of a process server, indicating that she "did serve/mailed the original by mistake to the Attorney General of the United States." (Doc. No. 15). The Affidavit, which is not notarized, does not show a date of the purported service, nor does this affidavit identify what exactly was mailed. There is no indication that the mailing was certified or registered. As such, this "Affidavit" proves nothing.

## *CONCLUSION AND RECOMMENDATION*

It is **respectfully recommended** that the motion be **granted,** and that the Amended Petition be **dismissed, with prejudice** for lack of jurisdiction.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 31, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy